UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JOHN RIVERS,

        Plaintiff,        **MEMORANDUM AND ORDER**
                                          15-CV-139 (FB)

  -against-

CAROLYN W. COLVIN
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                               *For the Defendant:*
WENDY BRILL                             ROBERT L. CAPERS
150 E. 69th Street                        United States Attorney
New York, New York 10021     Eastern District of New York
                                                  271 Cadman Plaza East
                                                  Brooklyn, New York 11201

                                                  By:   RACHEL G. BALABAN
                                                          Assistant U.S. Attorney

**BLOCK, Senior District Judge:**

     John Rivers ("Rivers") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings. For the reasons stated below, the Commissioner's motion is denied and

Rivers's motion is granted insofar as the case is remanded for further proceedings.

**I.**

In April 2011, Rivers filed an application for supplemental security income. He alleged disability, as of July 2, 1998, from bipolar disorder, post-traumatic stress disorder ("PTSD"), anxiety and mood disorders, sleep disorder, and others. After the Social Security Administration (the "SSA") denied his application, he had a hearing before an Administrative Law Judge ("ALJ").

In a September 25, 2013 decision, the ALJ held that Rivers was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ determined that: (1) Rivers had not engaged in substantial gainful activity since at least April 18, 2011, the application date; (2) Rivers's PTSD and anxiety disorder were severe impairments; and (3) Rivers's impairments did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 to require a determination of disability.

---

[1] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

The ALJ then determined that Rivers had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain restrictions. Applying this RFC to the remaining steps, the ALJ determined that (4) Rivers had no past relevant work, but that (5) Rivers could perform work pursuant to the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.

The Appeals Council denied Rivers's request for review, rendering final the Commissioner's decision to deny benefits. Rivers timely sought judicial review.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Rivers asserts that the ALJ erred by finding his condition did not satisfy "paragraph B" of listing 12.06. To satisfy paragraph B, Rivers must have demonstrated that his mental impairments resulted in at least two of the following: (1) marked restriction of activities of daily living, (2) marked difficulties in maintaining social functioning, (3) marked difficulties in maintaining concentration, persistence,

3

or pace, or (4) repeated episodes of decompensation for an extended duration. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.06. A limitation is "marked" when it is "more than moderate but less than extreme." *Id.* § 12.00(C).

Under the treating-physician rule, "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir.); *see also* 20 C.F.R. § 416.927(d)(2). Here, Dr. Joe Brewster, Rivers's treating psychiatrist, and Dr. Kay Jackson, Rivers's treating psychologist, submitted joint responses to anxiety and PTSD questionnaires. They responded on both questionnaires that Rivers's conditions caused him to have "marked restriction of activities of daily living," "marked difficulties in maintaining social functioning," "deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner," and "repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms." AR342-44.[2] Had the ALJ accorded their opinions controlling weight, Rivers would have satisfied Listing 12.06 and been determined disabled.

The ALJ stated that Dr. Brewster's opinion was only entitled to "little weight" because he "only saw the claimant twice and there was no indication of marked

---

[2] Citations to "AR" are to the Administrative Record.

4

limitations on his functioning." AR 56. However, the ALJ failed to analyze what weight Dr. Jackson's opinion is entitled to. In fact, the ALJ never referenced Dr. Jackson nor her opinion regarding the severity of Rivers's impairments. But Dr. Jackson's opinion might be entitled to controlling weight under the treating-physician rule. And unlike Dr. Brewster, who only saw Rivers twice before providing his medical opinion, Dr. Jackson served as Rivers's psychologist for several years. *See* AR 188 (indicating Rivers visited Dr. Jackson four times per month since 2008); *see also Trostel ex rel. Murray v. Bowen*, 695 F. Supp. 1418, 1421 (E.D.N.Y. 1988) (holding psychologist's opinion was entitled to controlling weight under treating-physician rule).

Moreover, a substantial portion of the record supports Dr. Jackson's opinion. 20 C.F.R. 416.927(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) . . . is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). For example, Dr. David Mahony, a consultative examiner, opined that Rivers has "marked" difficulty in "interact[ing] appropriately with the public," "interact[ing] appropriately with supervisor(s)," "interact[ing] appropriately with co-workers," and "respond[ing] appropriately to usual work situations and to changes in a routine work setting." AR 319. Dr. Mahony recommended that Rivers continue to receive mental health treatment and stated, "Prognosis: Poor. The claimant is not responding well

5

enough to treatment that he would be able to become employed." AR 316. Additionally, the treatment notes of Dr. Sylvia Reyes and Dr. Alain de La Chappelle further support giving Dr. Jackson's opinion controlling weight.

On remand, the ALJ should consider whether Dr. Jackson's opinion is entitled to controlling weight. In the event she determines it is not, the ALJ must analyze what weight Dr. Jackson's opinion is entitled to under the factors outlined in 20 C.F.R. § 416.927(c) when refashioning her determinations of whether Rivers satisfies Listing 12.06 and his RFC. The ALJ should develop the record to the extent necessary to sufficiently assess Dr. Jackson's medical opinion. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record."); *see also Kohler v. Astrue*, 546 F.3d 260, 268-69 (2d Cir. 2008) (remanding to the ALJ because, *inter alia*, the ALJ failed to consider all the evidence possibly material to the claimant's disability determination).

As a final matter, the Court notes that the ALJ discredited several of the medical opinions regarding Rivers's difficulties concentrating because they were inconsistent with Rivers's testimony that he is an "avid reader." AR 35, 55-56. The ALJ neglected to mention, however, that immediately after stating he is an avid reader, Rivers testified, "I lose concentration pretty quick, but, you know, I go back and forth to reading it." AR 36. The medical opinions are thus not inconsistent with Rivers's

6

testimony about his penchant for reading. Accordingly, the ALJ should not discredit medical evidence based on this testimony.

## III

For the foregoing reasons, the Commissioner's motion is DENIED, and Rivers's motion is GRANTED insofar as the case is remanded for further proceedings.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 11, 2015